**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4418**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEPHEN FRANKLIN WOOD,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.  (5:13-cr-00053-RLV-DCK-4)

Submitted:  March 31, 2016                Decided:  May 20, 2016

Before WILKINSON, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Reggie E. McKnight, MCKNIGHT LAW FIRM, P.L.L.C., Charlotte, North Carolina, for Appellant.   Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen Franklin Wood appeals the downward variant sentence of 170 months imposed following his guilty plea to conspiracy to distribute, possess with intent to distribute, and manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012). On appeal, Wood's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning the reasonableness of Wood's sentence. Counsel questions the district court's denial of Wood's motion for a downward variance to the statutory minimum and application of a three-level enhancement for a substantial risk of harm pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(13)(C)(ii) (2014). Wood has filed a pro se supplemental brief, asserting additional claims that the district court erred in ordering him ineligible for federal benefits for a period of 10 years, placing undue reliance on his criminal history, and selecting a sentence that was substantially higher than those of his codefendants. We affirm.

We conclude that Wood's sentence is both procedurally and substantively reasonable. The record establishes that Wood withdrew his objection to the three-level enhancement for creating a substantial risk of harm; therefore, Wood has waived appellate review of the issue. United States v. Robinson, 744

2

F.3d 293, 298 (4th Cir.), cert. denied, 135 S. Ct. 225 (2014). The district court otherwise properly calculated the applicable Sentencing Guidelines range, and the court appropriately explained the sentence in the context of the relevant 18 U.S.C. § 3553(a) (2012) factors. See United States v. Howard, 773 F.3d 519, 528 (4th Cir. 2014). Thus, our review of the record reveals no procedural error in Wood's sentence.

Additionally, Wood's below-Guidelines sentence is presumptively substantively reasonable, and Wood fails to rebut that presumption on appeal. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). The mere fact that many of Wood's coconspirators received a lower downward variant sentence to or near the statutory minimum is insufficient to require vacating Wood's sentence, United States v. Pierce, 409 F.3d 228, 235 (4th Cir. 2005), and Wood has not demonstrated that he and his coconspirators were similarly situated. Moreover, the district court offered ample reasons rooted in the § 3553(a) factors for rejecting a downward variance to the statutory minimum. See Gall v. United States, 552 U.S. 38, 51 (2007) ("[Appellate courts] must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.").

Lastly, Wood contends that the district court erred in denying him federal benefits for 10 years. We conclude this

3

issue is meritless.  Nowhere in the sentencing transcript or criminal judgment does the district court deny Wood federal benefits.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and find no meritorious ground for appeal. We therefore affirm the district court's judgment.  This court requires that counsel inform Wood, in writing, of the right to petition the Supreme Court of the United States for further review.  If Wood requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Wood.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>